## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN J. GRASSETTI, SR. | : | No. 3:10cv2068 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| PROPERTY & CASUALTY | : | |
| INSURANCE COMPANY OF | : | |
| HARTFORD and THE | : | |
| HARTFORD FINANCIAL | : | |
| SERVICES GROUP, INC., | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

Before the court is the defendants' motion to dismiss Count II of the plaintiff's complaint.  (Doc. 7).  The motion has been fully briefed and is ripe for disposition.

## BACKGROUND

Plaintiff Stephen J. Grassetti Sr. ("Plaintiff") was seriously injured on May 16, 2007 during a traffic accident while driving in Florida.  (Compl. ¶ 12 (Doc. 7-1)).  At the time of the accident, Plaintiff had an auto insurance policy with Defendants Property & Casualty Insurance Company of Hartford and The Hartford Financial Services Group, Inc. ("Defendants").  (Id. ¶ 5).  Plaintiff alleges that under the policy, the Defendants "agreed to pay compensatory damages to the Plaintiff, up to a limit of Fifty Thousand ($50,000), per vehicle, for injuries inflicted upon the Plaintiff by the operator of an uninsured ("UM") vehicle."  (Id. ¶ 7).  Plaintiff's complaint implies that the Plaintiff signed an Uninsured Motorist ("UM") Rejection form, but alleges that the form does not comply with the Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 PA. CONS. STAT. ANN. § 1731(b).  (Id. ¶¶ 8-10).  Plaintiff alleges that the Defendants' form stated "Uninsured Motorists Coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a

driver who does not have any insurance to pay for losses and damages."
(Id. ¶ 9; see also Ex. A to Pl.'s Compl., Rejection of Uninsured Motorist
Protection Waiver (Doc. 7-1 at 26)).

Plaintiff alleges that, because the other driver involved in the May 16
accident was unidentified– and therefore uninsured– the Defendants were
obligated to pay compensatory damages of $100,000.00; the stacked
liability limits of $50,000.00 per vehicle for each of Plaintiff's vehicles. (Id.
¶¶ 11, 15). The Plaintiff made a claim for such compensatory damages
which the Defendants denied. (Id. ¶ 19).

The Plaintiff filed his complaint in the Court of Common Pleas for
Lackawanna County on August 25, 2010. (Doc. 7-1). In Count I of the
complaint, Plaintiff alleges a breach of contract based on the Defendants'
failure to pay $100,000.00 in compensatory damages. (Id. ¶¶ 14-20). In
Count II of the complaint, Plaintiff alleges that the Defendants denied
Plaintiff's claim for UM benefits knowing they had no reasonable basis for
the denial, in violation Pennsylvania's Bad Faith Statute, 42 PA. CONS.
STAT. ANN. § 8371. (Id. ¶¶ 21-26).

On October 5, 2010, the Defendants removed the action to this court.
(Doc. 1). On November 24, 2010, the Defendants filed a motion to dismiss
Count II of the complaint, bringing the case to its present posture. (Doc.
7).

**JURISDICTION**

Because there is complete diversity of citizenship between the
parties and the amount in controversy exceeds $75,000.00, the court has
removal jurisdiction over the case. See 28 U.S.C. § 1332 ("district courts
shall have original jurisdiction of all civil actions where the matter in
controversy exceeds the sum or value of $75,000, exclusive of interest and
costs, and is between . . . citizens of different States[.]"); 28 U.S.C. § 1441

2

(A defendant can generally remove a state court civil action to federal court if the federal court would have had original jurisdiction to address the matter pursuant to the diversity jurisdiction statute).

As a federal court sitting in diversity, we must apply state law. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).  In this case, the relevant state is Pennsylvania.  If the state supreme court has not yet addressed an issue before us, we must predict how that court would rule if presented with that issue.  Nationwide v. Mutual Ins. Co., 230 F.3d 634, 637 (3d Cir. 2000).  In so doing, we must examine the opinions of the lower state courts, and we cannot disregard them unless we are convinced by other persuasive data that the highest court would rule otherwise.  Id.

**LEGAL STANDARD**

_____When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested.  Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint.  Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation."  Id. at 234-35.

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that

3

the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Twombly, 550 U.S. at 555 (citation omitted).  "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted).  "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief." Id.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted.  In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  However, "we are not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, -- U.S. --,  129 S. Ct. 1937, 1949-50 (2009) (internal quotations omitted).

To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**DISCUSSION**

Defendants argue that Plaintiff's claim under Pennsylvania's Bad Faith Statute, 42 PA. CONS. STAT. ANN. § 8371, in Count II of the Plaintiff's complaint must be dismissed because the Plaintiff signed a Rejection of UM Coverage form.  In the alternative, the Defendants argue that the

4

Plaintiff's claim for punitive damages must be dismissed because there is no allegation that they acted intentionally, recklessly or maliciously.

Section 8371 authorizes recovery for an insurance company's bad faith towards an insured. It provides for several remedies upon a finding of bad faith: (1) an award of "interest on the amount of the claim" at a rate equal to "the prime rate of interest plus 3%"; (2) an award of "punitive damages against the insurer"; and/or (3) an assessment of "court costs and attorney fees against the insurer." Id. Pennsylvania courts have adopted the following definition of "bad faith" on the part of an insurer:

> any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

Perkins v. State Farm Ins. Co., 589 F. Supp. 2d 559, 562 (M.D. Pa. 2008) (citing Terletsky v. Prudential Property & Casualty Ins. Co., 649 A. 2d 680, 688 (Pa. Super. Ct. 1994) (quoting Black's Law Dictionary 139 (6th ed. 1990)) (citations omitted); see also Nw. Mut. Life Ins. Co. v. Babayan, 430 F. 3d 121, 137 (3d Cir. 2005) (predicting the Pennsylvania Supreme Court would define "bad faith" according to the definition set forth in Terletsky)).

The United States Court of Appeals for the Third Circuit has adopted the legal standard established by the Pennsylvania Superior Court for testing the sufficiency of bad faith claims under section 8371, "both elements of which must be supported with clear and convincing evidence: (1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d

Cir. 1997) (citing <u>Terletsky</u>, 649 A.2d at 688).

"The MVFRL requires insurers to offer underinsured motorist and uninsured motorist ("UM") coverage that compensates individuals for damages sustained in accidents with uninsured or underinsured vehicles. Purchase of UM and UIM coverage is optional, although to refuse such coverage, an insured must sign rejection forms whose precise language is dictated by statute[.]" <u>Jackson v. Allstate Ins. Co.</u>, 441 F. Supp. 2d 728, 732 -733 (E.D. Pa. 2006).

UM coverage, and its disclaimer, is dictated by Section 1731(b) of the MVFRL, which  provides:

> (b) Uninsured motorist coverage.--Uninsured motorist coverage shall provide protection for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefor from owners or operators of uninsured motor vehicles. The named insured shall be informed that he may reject uninsured motorist coverage by signing the following written rejection form:

> REJECTION OF UNINSURED MOTORIST PROTECTION

> By signing this waiver I am rejecting uninsured motorist coverage under this policy, for myself and all relatives residing in my household. <u>Uninsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have any insurance to pay for losses and damages.</u> I knowingly and voluntarily reject this coverage.

> ....................................
> Signature of First Named Insured

> ....................................
> Date

75 PA. CONS. STAT. ANN. § 1731(b) (emphasis added).

The Defendants' form, which the Plaintiff attached to his complaint,

deviates from the statutory language quoted above in one respect.  The second sentence of the form states, "[u]insured Motorists Coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have any insurance to pay for losses and damages."  (Id. ¶ 9; see also Ex. A to Pl.'s Compl., Rejection of UM Protection Waiver (Doc. 7-1 at 26)).  Thus, the Defendants' form refers to "Uninsured Motorists Coverage," while the statutory language refers only to "Uninsured Coverage."  Section 1731(c.1), however, states:

> Form of waiver.--Insurers shall print the rejection forms required by subsections (b) and (c) on separate sheets in prominent type and location. The forms must be signed by the first named insured and dated to be valid. The signatures on the forms may be witnessed by an insurance agent or broker.  Any rejection form that does not specifically comply with this section is void.

75 PA. CONS. STAT. ANN. § 1731(c.1) (emphasis added).

The Plaintiff cites American Int'l Ins. Co. v. Vaxmonsky, 916 A.2d 1106 (Pa. Super. Ct. 2006), where the Pennsylvania Superior Court, relying predominantly on section 1731(c.1), held that an insurer's underinsured motorist ("UIM") coverage waiver was null and void for failure to comply with Section 1731(c) of the MVFRL.[1]  For purposes of this motion, the court finds Vaxmonsky persuasive on the issue of interpreting the specific compliance requirements of section 1731(c.1).  That being the case, reading the complaint in a light most favorable to the Plaintiff, we find

---

[1] Section 1731(c) is the UIM analogue to section 1731(b).  The waiver forms in each subsection have nearly identical language and we treat the court's analysis of subsection (c) as being instructive of our interpretation of subsection (b).

that the Plaintiff has adequately plead a cause of action for under Pennsylvania's Bad Faith Statute, 42 PA. CONS. STAT. ANN. § 8371. Section 1731(c.1) of the MVFRL requires specific compliance waiver language of section 1731(b).  The Defendants had constructive notice of these provisions and of the holding in <u>Vaxmonsky</u> that noncompliant waivers are null and void.  Thus, the Plaintiff has adequately alleged that the Defendants withheld payment upon a claim without a reasonable basis and that Defendants did so knowing they did not have a reasonable basis. For these reasons, the Defendants' motion to dismiss will be denied.

**CONCLUSION**

For the reasons stated above, Defendants' motion to dismiss Count II of the complaint will be denied.  An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN J. GRASSETTI, SR. | : | No. 3:10cv2068 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| PROPERTY & CASUALTY | : | |
| INSURANCE COMPANY OF | : | |
| HARTFORD and THE | : | |
| HARTFORD FINANCIAL | : | |
| SERVICES GROUP, INC., | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this __20th__ day of April 2011, upon consideration of the motion (Doc. 7) of Defendants Property & Casualty Insurance Company of Hartford and The Hartford Financial Services Group, Inc. to dismiss Count II of Plaintiff Grassetti's complaint, it is HEREBY **ORDERED** that the motion is **DENIED**.

**BY THE COURT:**


 s/ James M. Munley

**JUDGE JAMES M. MUNLEY**
**United States District Court**

9